J-S13039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ANTHONY TROUPE :
:
Appellant : No. 2947 EDA 2022

Appeal from the Judgment of Sentence Entered September 8, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0003290-2021

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ANTHONY TROUPE :
:
Appellant : No. 2949 EDA 2022

Appeal from the Judgment of Sentence Entered September 8, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0003292-2021

BEFORE:   NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED JUNE 07, 2023**

Anthony Troupe ("Appellant") appeals from the judgment of sentence

entered in the Court of Common Pleas of Bucks County after his plea of *nolo*

*contendere* under two criminal informations to multiple counts of possessing

images of child sexual abuse, criminal use of a communication facility, and

_____

[*] Former Justice specially assigned to the Superior Court.

various sexual offenses committed against two children over the course of five years. Sentenced to an aggregate sentence of not less than 24 years nor more than 48 years, Appellant challenges the discretionary aspects of his sentence. After review, we affirm.

The trial court's Pa.R.A.P. 1925(a) opinion aptly sets forth the relevant facts and procedural history, as follows:

> In February of 2021, the Bensalem Township Police Department received a cyber tip from the National Center for Missing and Exploited Children. The tip was in regard to approximately eighteen files of child pornography found in a Dropbox account. One of the files was a seven-minute-long video depicting a boy estimated to be between 10 and 12 years old being anally penetrated by an adult male. The adult male was identified as Appellant, Anthony Troupe. A search warrant was executed at Appellant's resident on March 16, 2021, where several electronic devices were seized. N.T. 1/31/22, pp. 19-20. Upon execution of the warrant, Appellant informed police that he owned the Dropbox account, that the electronic devices contained additional child pornography, and that he shares child pornography on the internet. N.T. 1/31/22, p. 20. Appellant was arrested the same day.
>
> Several days after Appellant was arrested, his live-in girlfriend ("K.A."), and her 14-year-old son ("A.A.") reported to police that Appellant had abused A.A. Interviews with the Children's Advocacy Center revealed that Appellant had sexually abused both A.A. and a friend ("M.R.") over several years. The uncontroverted facts presented at the plea established that Appellant began sexually abusing A.A. the first time Appellant met A.A. At 9 years old. Appellant's conduct escalated over time and A.A. stated that Appellant performed oral sex on him and M.R. before they were 13 years old. N.T. 1/31/22, pp. 21-22. Once Appellant moved in with K.A. and A.A., A.A. "would do sex stuff" with Appellant to avoid punishment at home. This included anal sex once A.A. was about 13 or 14 years old. N.T. 1/31/22, pp. 22-33.

The Children's Advocacy Center later interviewed M.R. about his relationship with Appellant. M.R. stated that he had known Appellant since he was 3 or 4 years old. M.R. did not disclose any sexual abuse when first interviewed by the Children's Advocacy Center. A few weeks later, however, M.R. went to the police station with his mother and informed police that Appellant had sexually abused him starting around 4 or 5 years old. N.T. at 23-24. M.R. stated that Appellant sexually abused him almost daily while Appellant lived with M.R. and his family. This abuse included touching, oral sex, and attempted anally sex. M.R. told police that the abuse stopped once Appellant moved in with K.A. and A.A. N.T. at 24-25.

Following the interviews of both A.A. and M.R., police interviewed Appellant. Appellant was Mirandized and agreed to speak with police, during which Appellant admitted to sexual activity with A.A. and M.R. Appellant provided details as to the type of sexual abuse, locations where the abuse happened, the ages of A.A. and M.R. At the time of the abuse and the frequency of the abuse. Appellant admitted to police that he began sexually abusing M.R. [at] around 3 or 4 years old and began sexually abusing A.A. at 9 years old, consistent with the ages when M.R. and A.A. stated that the abuse started. N.T. at 25-26.

Appellant was later charged in two criminal informations with numerous offenses [].[FN] On January 31, 2022, Appellant entered a plea of nolo contendere to the following charges: two counts of involuntary deviate sexual intercourse with a child, two counts of involuntary deviate sexual intercourse with a person less than 16 years of age, one count of unlawful contact with a minor, two counts of indecent assault of a person less than 13 years of age, one count of corruption of minors, one count of indecent assault of a person less than 16 years of age and four counts of disseminating photographs or films of children engaged in sexual acts. After the plea, this Court ordered an evaluation by the Pennsylvania Sexual Offenders Assessment Board to determine if Appellant met the criteria to be classified as a sexually violent predator, as well as a pre-sentence investigation with a written report.

---

FN: *See* supra p. 1 [noting, "The first criminal information, at Bucks County Court of Common Pleas Docket Number 3290-2021, included two counts of involuntary deviate

sexual intercourse with a child, four counts of involuntary deviate sexual intercourse with a person less than sixteen years of age, two counts of unlawful contact with a minor, two counts of indecent assault of a person less than thirteen years of age, corruption of minors, and indecent assault of a person less than sixteen years of age.

The second criminal information, at Bucks County Court of Common Pleas Docket Number 3292-2021, included forty-one counts of disseminating photographs or films of children engaged in sexual acts and forty-one counts of child pornography."]

---

On September 8, 2022, Appellant came before [the trial court] for a determination as to whether he should be classified as a sexually violent predator and for sentencing. The evaluation by the Pennsylvania Sexual Offenders Assessment Board concluded that Appellant met the criteria to be classified as a sexually violent predator because he suffered from Pedophilic Disorder and his conduct was predatory. After considering the evaluation and argument from both Appellant and the Commonwealth, [the trial court] found Appellant to be a sexually violent predator. ***See generally*** N.T. 9/8/22, at 1-16.

Following classification as a sexually violent predator, [the trial court] imposed Appellant's sentence. With respect to Criminal Information Number 3290 of 2021, [the trial court] sentenced Appellant to 10 to 20 years for Count 1, 10 to 20 consecutive years for Count 2, 1 to 2 consecutive years for Count 11, with no additional penalties for Counts 3, 4, 7, 9, 10, and 12. N.T. at 58-60. With respect to Criminal Information Number 3292 of 2021, [the trial court] sentenced Appellant to 3 to 6 years for Count 1 to run consecutive to the prior sentencing, with no additional penalties with respect to Counts 2, 3, and 4. Appellant's aggregate sentence was not less than 24 years nor more than 48 years. N.T. at 60-62. The Commonwealth *nolle prossed* several counts.[FN]

---

Fn: On Information Number 3290 of 2021, the Commonwealth *nolle prossed* the following: two counts of Involuntary Deviate Sexual Intercourse with a Person Less than 16 Years of Age (18 Pa.C.S. § 3123(a)(7)) and one

- 4 -

count of Unlawful Contact with a Minor (18 Pa.C.S. § 6318(a)(1)). On Information Number 3292 of 2021, the Commonwealth *nolle prossed* the following: thirty-six counts of Disseminating Photographs or Films of Children Engaged in Sexual Acts (18 Pa.C.S. § 6312(c)) and forty-one counts of Child Pornography (18 Pa.C.S. § 6312(d)).

On September 19, 2022, Appellant filed a Motion for Reconsideration of Sentence. After a hearing held on October 21, 2022, [the trial court] denied Appellant's motion. On November 18, 2022, Appellant filed a Notice of Appeal to the Superior Court from the Judgment of Sentence. On the same day, the Court directed Appellant to file a Concise Statement of Errors Complained of on Appeal (herein "Concise Statement"). Appellant timely filed his Concise Statement on December 9, 2022.

Trial Court Opinion, 1/19/23, at 1-5.

Appellant presents the following question for this Court's review:

Did the Trial Court abuse its discretion in sentencing Appellant by imposing a manifestly excessive sentence, relying solely on the nature of the charges, and failing to consider all relevant factors?

Brief for Appellant at 9.

Appellant challenges the discretionary aspects of his sentence.

[T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion.... [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing

court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

*Commonwealth v. Moury*, 992 A.2d 162, 169-170 (Pa. Super. 2010) (citation omitted; brackets in original).

Preliminarily, we address whether Appellant adequately presented his discretionary aspects claim for our review.

> Challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b), or sentencing norms. *Id*. An appellant must satisfy all four requirements. *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013).

*Commonwealth v. Miller*, 275 A.3d 530, 534 (Pa. Super. 2022).

Appellant met the first two criteria by filing a timely notice of appeal and preserving his claim in a post-sentence motion. As for a defendant's Rule 2119(f) statement, it must specify "(1) where his or her sentence falls in the Sentencing Guidelines, (2) what provision of the Sentencing Code has been violated, (3) what fundamental norm the sentence violated, and (4) the manner in which it violated the norm." *Commonwealth v. Moye*, 266 A.3d 666, 676 (Pa. Super. 2021) (citing *Commonwealth v. Naranjo*, 53 A.3d 66, 72 (Pa. Super. 2012)). A Rule 2119(f) statement that "simply lists [the]

sentencing issues" is deficient, and we may deny review of a defendant's claim based on this deficiency. ***Commonwealth v. Sauers***, 159 A.3d 1, 16 (Pa. Super. 2017).

Appellant's Rule 2119(f) statement comprises three interrelated assertions, namely, that his aggregate sentence of 24 to 48 years' incarceration was manifestly excessive and unreasonable, as the trial court failed to consider all relevant factors such as his family history, age, or rehabilitative needs and relied on improper factors in imposing his sentence. ***See*** Brief of Appellant, "Concise Statement of Reasons Relied upon in Support of Appeal," at 11-12.

Initially, we observe that nowhere in Appellant's Rule 2119(f) concise statement, or anywhere else in his brief, does he meet the requirement of specifying what the sentencing guidelines are for each of his sentences and where each sentence falls in relation to those guidelines. Because the relationship between his sentences and the sentencing guidelines is central to presenting a substantial question as to whether his aggregate sentence is manifestly excessive, we deem his omission of such information fatal to this claim. ***See Moye***, ***supra***; ***Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa. Super. 2000) (requiring that the Rule 2119(f) statement specify where the sentence falls in relation to the sentencing guidelines). ***Contrast Commonwealth v. Flowers***, 950 A.2d 330, 332 (Pa. Super. 2008) (overlooking omission from Rule 2119(f) statement of where appellant's

sentence falls within the sentencing guidelines where the length of the sentence was irrelevant to the substantial question presented).[1]

Even if we were to ignore Appellant's omission and discern in his Rule 2119(f) statement a substantial question,[2] we would conclude that Appellant's discretionary aspects claim affords him no relief.

_____

[1] The Commonwealth has objected to the adequacy of Appellant's 2119(f) statement, which, it contends, sets forth nothing more than general pronouncements of conclusions of law and boilerplate allegations without articulating facts upon which Appellant's claim is predicated. Brief for Appellee, at 13.

[2] Our own investigation of the record shows that each of Appellant's individual sentences falls within the standard range of the sentencing guidelines. When a sentence falls within the guidelines, as Appellant's does, we determine whether a substantial question as to excessiveness exists not by examining the merits of whether the sentence actually is excessive, but by examining "whether the appellant has forwarded a plausible argument that the sentence . . . is clearly unreasonable." **Id.** at 1270.

The decision to run guideline range sentences consecutively, alone, does not raise a substantial question. **See** 42 Pa.C.S. § 9721(a) (permitting a court to impose sentences to run consecutively); **Dodge**, 77 A.3d at 1269-70. "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question only in the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." **Id.** at 1270.

Here, the essence of Appellant's excessiveness claim is that the trial court imposed an unreasonable aggregate sentence that reflected an improper disregard of relevant sentencing criteria such as his rehabilitative needs, age, and his family history as required under 42 Pa.C.S.A. § 9721. Assuming, *arguendo*, that this portion of Appellant's 2119(f) statement is described adequately and raises a substantial question despite his failure to relate his sentence to the sentencing guidelines, we may proceed to an assessment of the trial court's exercise of sentencing discretion. **See Commonwealth v. Derry**, 150 A.3d 987, 992 (Pa. Super. 2016) (substantial question raised
*(Footnote Continued Next Page)*

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Barnes***, 167 A.3d 110, 122 n.9 (Pa. Super. 2017) (*en banc*) (citation omitted). To demonstrate an abuse of discretion, the defendant must "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision." ***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa. Super. 2014) (citation omitted).

In sentencing a defendant, a trial court should consider the following factors: "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). When the sentencing court has the benefit of a pre-sentence investigation report, "we presume that [it] was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors" when imposing the sentence. ***Commonwealth v. Sexton***, 222 A.3d 405, 422 (Pa. Super. 2019) (citation omitted).

---

where appellant claimed court "failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of [a]ppellant, as [section] 9721(b) requires") (citation omitted); ***Dodge***, 77 A.3d at 1273 (claim that sentencing court "disregarded rehabilitation and the nature and circumstances of the offense in handing down its sentence" presented substantial question).

We defer to the sentencing court's assessment of the sentencing factors as it is "in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference." *Id.* at 696. Instead, our "review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d)." *Commonwealth v. Macias*, 968 A.2d 773, 776-77 (Pa. Super. 2009).

Regarding sentences within the sentencing guidelines, Section 9781(c) instructs that an appellate court should affirm the sentence imposed unless it finds that "the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S. § 9781(c)(2). Section 9781(d) provides,

> In reviewing the record[,] the appellate court shall have regard for:
>
> (1) The nature and circumstances of the offense and the history and characteristics of the defendant[;]
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation[;]
>
> (3) The findings upon which the sentence was based[; and]
>
> (4) The guidelines promulgated by the commission.

*Id.* § 9781(d).

Here, Appellant claims that the trial court abused its discretion by failing to consider his background and rehabilitative needs in devising his sentence. He argues that despite the trial court's "passing statement" that it considered

his background, the sentence reflects a failure to take Appellant's rehabilitative needs into account. Instead of fashioning a sentence which would allow Appellant to obtain treatment he so desperately needs, he posits, the trial court imposed a sentence which "focused solely on the nature of the charges." Brief for Appellant at 18.

Appellant concedes that the trial court is presumed to have considered the PSI report prepared for its review at sentencing, but he assails the PSI report as being "replete with hearsay and one-sided" because Appellant did not participate in the interview. He claims, furthermore, that the PSI lacks information regarding Appellant's educational and religious history, his interests and leisure time activities, his physical health, his mental health, and his drug and alcohol history. "As such, there was no relevant information regarding Appellant's background and history contained in the PSI for the trial court to have weighed[,]" he concludes. Brief for Appellant at 18-19.

It bears noting, initially, that the reason Appellant participated in neither the SVP assessment nor the preparation of the PSI is because he declined to be interviewed in both instances. Additionally, at no point during the SVP hearing, the sentencing hearing, or in post-sentence motions did Appellant object to the sufficiency of personal information contained in the assessment or the PSI report due to the lack of an interview. Accordingly, we find Appellant is precluded from seeking relief on this basis. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

Otherwise, our review of the record confirms that the trial court relied on comprehensive historical and offense information available on Appellant in exercising reasonable sentencing discretion. It is apparent that the SVP assessment hearing apprised the trial court of the clinical psychologist's conclusions that Appellant suffers from a mental abnormality or personality disorder of Pedophilic Disorder for which there is no known cure, that there is a likelihood of reoffense, and that Appellant engaged in predatory behavior with the victims. N.T., 9/8/22, at 13-15.

At the sentencing hearing, the trial court acknowledged that it had reviewed both the PSI report and the report filed by Dean Dickson, M.S.,[3] and it made the following remarks about Appellant's background and capacity for rehabilitation:

> Aside from [the very serious criminal offenses involved and the Sentencing Guideline's standard range sentences of between 72 and 240 months with respect to the most serious offense with respect to each victim], I also have to consider who you are and, certainly, consider the fact that you did cooperate with police when contacted by them. . . .

---

[3] In Dickson's report, he wrote, *inter alia*, "It has long been noted that intellectually disabled persons have deficits in social skills. It is essential to differentiate sexually deviant behavior from impulsive actions emanating from a behavioral disturbance related to brain damage. . . . In this case, Mr. Troupe's mother consumed alcohol and ingested crack cocaine during her pregnancy. This resulted in the defendant having fetal alcohol syndrome and neurological deficits concomitant with cocaine use by the birth mother. . . . I would ask the court to recognize that Mr. Troupe's offending behavior as driven by his neurologic development disabilities and his prior abuse that impaired his judgment and decision-making process."

I also consider Dr. Dickson's report and what you have said. I consider your remorse. I also consider your background with respect to suffering, perhaps, from fetal alcohol and crack cocaine syndrome. Also, I consider your intellectual deficits. I also consider your difficult childhood, which did lack stability, certainly, and involved numerous placements in different facilities. Also, I do consider that there are indications that you did, in fact, suffer sexual abuse yourself, and consider the, again, behavioral problems which your difficult childhood caused in you and consider the fact that you did receive no treatment with respect to any issues that you may have had growing up.

So, again, I consider, again, the very serious nature of these offenses, the profound impact upon the victims, as well as sentencing guidelines which are mere recommendations. Also, the presentence investigation report I consider, which was prepared, and also, again, Dr. Dickson's report which talks about the challenges you faced growing up and the lack of stability you had.

N.T., 9/8/22, at 54-58.

Finally, in the trial court's Rule 1925(a) opinion, it reiterates that it elected to impose no penalty on numerous counts within each criminal information and otherwise imposed standard guideline range sentences in contemplation of all relevant sentencing factors.[4] In fashioning its ultimate sentencing scheme of standard range, consecutively run sentences, the court opines that it:

[c]onsidered and appropriately weighed all relevant factors during sentencing, including severity of the crime, mitigating factors, Appellant's rehabilitative needs, and the impact on the victims. We also note that the Recommendation in the PSI from the Bucks County Adult Probation and Parole Department was a total

---

[4] The trial court explains that had it imposed penalties on all offenses and run all standard range sentences consecutively, the resulting sentence of incarceration would have been 435 months to 933 months, nearly twice as long as the aggregate sentence it imposed.

sentence of not less than 28 years nor more than 56 years to be served in a state correctional facility.[] [The trial court's] sentence of not less than 24 years nor more than 48 years takes into consideration the information available at the time of sentencing, for example, Appellant's character and mitigating factors, that were not available at the time of the PSI, and was a proper application of the discretionary powers vested with the sentencing court.

. . .

Here, Appellant's criminal conduct clearly warranted the sentence imposed. Appellant pleaded to . . . a total of thirteen counts . . . [contemplating] abusive and harmful conduct [that] took place consistently over a period in excess of ten years and involved two children of a tender age. A 24-year minimum sentence is not excessive in light of the conduct and charges involved.

Given the nature of the crimes committed, the factors and circumstances presented, community safety considerations, Appellant's need for treatment prior to re-entry into the community, and the discretionary powers vested with the sentencing court, [the trial court] suggest[s] that Appellant's sentence was neither manifestly excessive nor unreasonable, and was well within the purview of the sentencing norms set forth in both 42 Pa.C.S. § 9721 and Pennsylvania's Sentencing Code.

Trial Court Opinion, 1/19/23, at 16, 17.

Upon our review, we find the trial court was aware of and considered all relevant sentencing factors, including Appellant's personal history, rehabilitative capabilities, and individual needs at the time of his sentencing. Accordingly, we reject Appellant's position that the trial court relied solely on the nature of his crimes while foregoing consideration of all other relevant factors in imposing his sentence.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 6/7/2023*